**AFFIRMED AS MODIFIED and Opinion Filed August 10, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00755-CR**

**ANDREW ANDERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F1952721**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Kennedy
Opinion by Justice Garcia

Appellant Andrew Anderson was indicted for aggravated assault with a deadly weapon. Pursuant to a plea agreement, he pleaded no contest, and the trial judge signed an Order of Deferred Adjudication imposing an eight-year period of deferred-adjudication community supervision. Less than a month later, the State moved to revoke appellant's probation or proceed with an adjudication of guilt. At the hearing of the State's motion, appellant pleaded true to the motion. At the end of the hearing, the trial judge granted the State's motion, found appellant guilty, and sentenced him to five years in prison. Appellant attempted to appeal, but we

dismissed his appeal as untimely. *Anderson v. State*, No. 05-19-01492-CR, 2020 WL 1303265 (Tex. App.—Dallas Mar. 17, 2020) (mem. op., not designated for publication), *aff'd*, 625 S.W.3d 128 (Tex. Crim. App. 2021). The court of criminal appeals later granted him permission to pursue an out-of-time appeal. *Ex parte Anderson*, No. WR-93,543-01, 2022 WL 2965519 (Tex. Crim. App. July 27, 2022) (per curiam) (not designated for publication). Counsel was appointed for appellant, and this appeal was timely perfected.

Appellant's court-appointed attorney has filed a motion to withdraw as appellant's counsel on appeal in which she states that there are no arguable issues upon which to base an appeal. She has also filed a brief in support of the motion pursuant to *Anders v. California*, 386 U.S. 738 (1967). In the motion to withdraw, counsel stated that she sent appellant a copy of the record and explained to him that he had the right to review the record and file a pro se brief. We sent appellant a letter informing him of his rights and advising him that the deadline for his response, if any, was December 30, 2022. Pursuant to appellant's requests, we extended his response deadline three times: to February 28, 2023; to May 22, 2023; and to July 24, 2023. He has not filed a response, although he did file a fourth request for an extension of time. We are denying that motion by separate order.

Under these circumstances, we must conduct our own review of the record and independently determine whether any arguable grounds for appeal exist. *See id.* at 744. If we conclude that counsel has exercised professional diligence in reviewing

the record for error and agree that the appeal is frivolous, we should grant counsel's motion to withdraw and affirm the trial court's judgment. *See In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding)

Counsel's brief presents a professional evaluation of the record showing why there are no arguable grounds to advance on appeal. We conclude it meets the requirements of *Anders*. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) (discussing minimum requirements for *Anders* briefs). Having reviewed the record and counsel's brief, we conclude that nothing in the record might arguably support the appeal and that the appeal is frivolous.

However, counsel's brief identifies one clerical error in the judgment. The judgment contains a special finding that appellant used or exhibited a deadly weapon, followed by a citation to Texas Code of Criminal Procedure Article 42.12, § 3g. But Article 42.12 was repealed in 2015. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 3.01, 2015 Tex. Gen. Laws 2321, 2395 (H.B. 2299). The correct statutory reference is Article 42A.054(c). The State has filed a letter brief agreeing with appellant's attorney's position.

We have the power to correct certain judgment errors that do not present arguable issues. *Davilacontreras v. State*, No. 05-21-00995-CR, 2022 WL 4396145, at *2 (Tex. App.—Dallas Sept. 23, 2022, no pet.) (mem. op., not designated for publication). Accordingly, we modify the judgment to correct the erroneous statutory citation. *See* Tex. R. App. P. 43.2(b).

We grant counsel's motion to withdraw, modify the Judgment Adjudicating Guilt as discussed above, and affirm the judgment as modified.


/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
220755F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANDREW ANDERSON, Appellant

No. 05-22-00755-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F1952721. Opinion delivered by Justice Garcia. Justices Pedersen, III and Kennedy participating.

Based on the Court's opinion of this date, the trial court's Judgment Adjudicating Guilt is **MODIFIED** as follows:

- On page two, the statutory citation "TEX. CODE CRIM. PROC. art. 42.12 §3g" is deleted and replaced with "TEX. CODE CRIM. PROC. art. 42A.054(c).

As **MODIFIED**, the Judgment Adjudicating Guilt is **AFFIRMED**.

Judgment entered August 10, 2023